UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TEMAGEN STEPHENSON,

          Petitioner,

  -against-

ROBERT E. ERCOLE, Superintendent of
Green Haven Correctional Facility,

          Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-3677 (CBA)

AMON, United States District Judge:

Petitioner Temagen Stephenson, who is currently incarcerated in Green Haven Correctional Facility pursuant to a judgment of conviction entered in Kings County, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254"). Petitioner's request to proceed *in forma pauperis* is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

Background

Following a jury trial in New York Supreme Court, Kings County, petitioner was convicted on July 11, 2000 and sentenced on August 1, 2000 to an indeterminate term of 13 years to life imprisonment. Petitioner appealed his conviction, which was affirmed on December 23, 2002 by the New York Supreme Court, Appellate Division, Second Department. People v. Stephenson, 752 N.Y.S.2d 548 (2d Dep't 2003). Petitioner then sought leave to appeal to the New York State Court of Appeals, which denied his application on March 28, 2003. People v. Stephenson, 99 N.Y.2d 632 (2003). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

In addition to pursuing his direct appeal, petitioner collaterally attacked his judgment of

conviction in the New York State Courts. He filed a motion to vacate the judgment, pursuant to New York Criminal Procedure Law § 440.10, on December 15, 2005, which was denied on May 16, 2006. (Pet., Ex. 1: May 16, 2006 Decision.) The Appellate Division, Second Department, denied leave to appeal on October 25, 2006. (Pet., Ex. 3: October 25, 2006 Decision.)

The instant petition, dated August 24, 2007, was received by the United States District Court for the Eastern District of New York on August 27, 2007.

Discussion

I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. §2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during

that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (*per curiam*). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition") However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

II. Application of the Law to this Case

The facts alleged in the petition in this case suggest that petitioner's application for habeas corpus relief pursuant to § 2254 may be time-barred. Since petitioner did not seek a writ

3

of certiorari from the United States Supreme Court, his judgment of conviction became final on June 26, 2003, ninety days after the Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until June 26, 2004, to file his federal petition. See Smith, 208 F.3d at 15. By the time he filed his post-conviction motion in state court, on December 15, 2005, the statute of limitations had long since expired.

Petitioner argues that the statute of limitations should be equitably tolled, because he has suffered from mental illness from a young age, was diagnosed with a multiple personality disorder, and has received psychiatric treatment from the New York State Department of Correctional Services since 2000, including psychiatric medication. (Pet. ¶ 18.) Moreover, he asserts that he has an I.Q. well below average, "his thought and reasoning process is also slow," and he has dyslexia and Attention Deficit Hyperactivity Disorder. (Id.) He also wears a hearing aid. (Id.) Petitioner does not explain how these conditions have prevented him from timely filing his petition.

To toll the statute of limitations based on mental impairment, a petitioner must give "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). Moreover, a petitioner must demonstrate how the mental impairment specifically affected his ability to act with due diligence during the time period at issue. See Rhodes v. Senkowski, 82 F. Supp. 2d 160, 169-73 (S.D.N.Y. 2000) (collecting equitable tolling cases decided on mental illness grounds which show that the condition must deprive plaintiffs of any

4

competence or capacity to pursue their legal rights). Here, petitioner has not submitted medical records or other documentation to substantiate his alleged mental incapacitation during the period from June 26, 2003 to June 26, 2004 while the statute of limitations ran out, or at any other time prior to filing his state court motion or since that motion was finally decided on October 25, 2006. Nor has he submitted any evidence to make the required showing that he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17.

Petitioner is therefore directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA's statute of limitations should not bar the instant petition.[1] See Day, 547 U.S. at 210; Acosta, 221 F.3d at 125. Petitioner shall include in his affirmation detailed allegations regarding the extent of his mental incapacity during the relevant time periods and may append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

/S/
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
       September 26, 2007

---

[1] An affirmation form is attached to this Order for petitioner's convenience.