UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TEMAGEN STEPHENSON,

                           Petitioner,

     -against-

ROBERT E. ERCOLE, Superintendent of
Green Haven Correctional Facility,

                           Respondent.
-----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND
ORDER

07-CV-3677 (CBA)

**AMON, United States District Judge:**

On August 27, 2007, petitioner Temagen Stephenson filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his incarceration stemming from a July 11, 2000 conviction. On September 27, 2007, this Court directed Stephenson to show cause as to why his petition should not be dismissed as time barred. Stephenson responded on December 3, 2007. Rather than address Stephenson's arguments *ex parte*, the Court directed the Respondent to respond to the petition, which he did on March 4, 2008. Stephenson had 30 days from the date on which he received the Respondent's opposition papers to file a reply, which he failed to do. For the reasons that follow, the petition is dismissed.

**I.**    Background

    **A.**    Procedural History

On July 11, 2000 Stephenson was convicted, after a jury trial, on several counts relating to his July 16, 1999 beating of sixteen-year-old Mildred Stacks. On August 1, 2000, he was sentenced as a persistent violent felony offender to thirteen years to life imprisonment. On February 5, 2002, Stephenson moved, *pro se*, for a subpoena *duces tecum* for hospital medical

records, stating that he was attempting to gather the evidence for the purposes of bringing a motion to vacate his judgment of conviction pursuant to N.Y.C.P.L. § 440.10 on the basis of ineffective assistance of trial counsel. The motion was denied on March 25, 2002. Thereafter, Stephenson filed his direct appeal with the assistance of counsel. His conviction was affirmed by the Appellate Division on December 23, 2002. People v. Stephenson, 300 A.D.2d 604 (2d Dep't 2002). Stephenson's appellate counsel sought leave to appeal to the New York Court of Appeals, which was denied on March 28, 2003. People v. Stephenson, 99 N.Y.2d 632 (2003). Stephenson did not file a petition for a writ of certiorari in the United States Supreme Court. Thereafter, on December 15, 2005, Stephenson moved to vacate his conviction pursuant to § 440.10. That motion was denied by the Supreme Court, Kings County, on May 16, 2006. The Appellate Division denied leave to appeal from that decision on October 25, 2006. This petition followed on August 24, 2007.

B. Factual Background

In response to the Court's September 27, 2007 Order directing Stephenson to demonstrate why his petition should not be dismissed as time-barred, Stephenson submitted a short affidavit to which he attached eight pages of medical records. In the affidavit, he asserts that he has suffered from mental illnesses from a young age. Specifically, he states that he has been diagnosed with multiple personality disorder, has a history of suicidal behavior, suffers from depression, and also has sub-standard hearing. He further claims that he has received psychiatric medication (though he does not identify specifically the ailment for which he has received the medication), and that the medication has compromised his ability to "comprehend any legal strategy muchless [sic] everyday activities." (Petitioner Affirmation, dated November 28, 2007).

The attached medical records corroborate some of Stephenson's statements in the affidavit, however they also directly contradict others. First, Stephenson submits a record dated August 16, 2007 and September 18, 2007, which states that he denies having any thoughts of hurting himself and assesses his suicide risk as "low." Moreover, the documentation states that Stephenson kept his appointments for treatment on a regular basis.

Second, Stephenson submits a document entitled "Core History (Outpatient)," dated April 13, 2004, which states that he had a history of depression and had made threats to hurt himself. It further states that since arriving in prison, Stephenson had developed anxiety and had suffered from depressive episodes. The report states that he claimed to have normal developmental milestones, but that he was raised in a "dysfunctional family system." Additionally, the report states that Stephenson likes to read and denies any drug or alcohol abuse.

Stephenson submits a third document entitled "Physician's Orders," with sections dated December 23, 2003, January 20, 2004, and March 17, 2004. The first section, dated December 23, 2003, indicates that Stephenson was to begin taking Paxil and Benadryl on that date and that he would continue taking those medications through March 23, 2004. The second section, dated January 20, 2004, indicates that on that date Stephenson was to discontinue Paxil and begin taking Wellbutrin SR. The third section, dated March 17, 2004, extends the Wellbutrin and Benadryl prescriptions to June 17, 2004.

Stephenson submits a fourth document entitled "Progress Notes," dated December 23, 2003, from the Central New York Psychiatric Center. The notes indicate that Stephenson had claimed to be treated as an outpatient in Brooklyn and had been taking Paxil and Benadryl for anxiety and depression. The notes also report that Stephenson had claimed to have a history of

ADHD as a child. Although the notes state that Stephenson had begun to feel depressed, stressed, and anxious, they also state that he denied any history of suicide attempts. The notes further mention that Stephenson had been grieving over the death of his grandmother and that he had recently experienced feelings of helplessness. Finally, the notes reflect the fact that Stephenson had denied experiencing symptoms of acute psychosis and that he had admitted to benefitting from the Paxil and Benadryl, and these drugs would therefore be continued.

Finally, Stephenson submitted a "NYSDOCS Request & Report of Consultation," dated March 19, 2004, which reflects the fact that Stephenson suffered from hearing loss consistent with acoustic trauma.

## II. Discussion

A one-year statute of limitations applies to a petition for a writ of *habeas corpus* filed by a person in custody pursuant to a judgment of a state court. See 28 U.S.C. § 2244(d)(1). This limitations period generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).[1] In a case such as this one, where the petitioner failed to file a petition seeking a writ of certiorari in the United States Supreme Court after direct review by a state's highest court, the conviction became "final" for the purposes of section § 2244(d)(1)(A) when the time within which to seek certiorari expired. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In this case, Stephenson's conviction became final on June 26, 2003, ninety days after the New York Court of Appeals denied leave to appeal. See Rule 13(1) of the Rules of the United States

---

[1]The limitations period can begin to run at a later date under certain circumstances, not relevant here. See 28 U.S.C. §§ 2244(d)(1)(B)-(D).

Supreme Court (providing for a 90-day time limit within which to file a petition for a writ of certiorari). Accordingly, the one-year statute of limitations would appear to have lapsed by June 26, 2004, about a year-and-a-half before Stephenson filed his collateral 440.10 motion.[2] However, Stephenson has argued that the limitations period should have been equitably tolled during the relevant time period. Upon considering the factual basis for this contention and the respondent's opposition, this Court denies Stephenson's request for equitable tolling.

The one-year limitations period for *habeas* petitions by a state prisoner is not jurisdictional, and therefore the doctrine of equitable tolling applies. See Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). See also Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001); Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). However, "[e]quitable tolling applies only in the rare and exceptional circumstance." Smith, 208 F.3d at 17 (internal quotations and alteration omitted); see also Smaldone, 273 F.3d at 138; Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). The burden of demonstrating the appropriateness of equitable tolling lies with the party seeking to invoke it. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

In order to avail himself of equitable tolling, Stephenson must demonstrate (1) the existence of the aforementioned rare and exceptional circumstances, and (2) that those circumstances prevented him from filing a timely petition despite the exercise of due diligence. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Smith, 208 F.3d at 17; Smaldone, 273 F.3d at 138 ("To merit application of equitable tolling, the petitioner must demonstrate that he

---

[2] Had the limitations period not expired by the time the 440.10 motion was filed, it would have tolled during the pendency of that motion in state court. See 28 U.S.C. § 2244(d)(2).

acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time."). A petitioner must demonstrate "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); see also Hizbullahankhamon, 255 F.3d at 75; Valverde, 224 F.3d at 134.

The district courts within this circuit have recognized that illness, including mental incapacity, can be an "exceptional circumstance" for the purposes of equitable tolling. See Adkins v. Warden, 585 F. Supp. 2d 286 (D. Conn. 2008) ("[T]he Court notes that a showing of mental incapacity would likely satisfy the two-prong standard for equitable tolling"); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168 (S.D.N.Y. 2000); Jones v. Walsh, No. 06 Civ. 225, 2007 WL 4563443, at *2 (S.D.N.Y. Dec. 27, 2007) ("A petitioner's mental illness may be sufficient for equitable tolling of the statute of limitations."); Barnes v. Superintendent, Attica Correctional Facility, No. 06 CV 3267, 2007 WL 188707, at *3 (E.D.N.Y. Jan. 23, 2007) ("Depending on the recency and severity of ... mental conditions, they might well amount to an extraordinary circumstance that, in an appropriate case, would warrant equitable tolling."); Jean-Louis v. Greiner, No. 02 Civ. 6326, 2003 WL 1807144, at *3 (S.D.N.Y. Apr. 4, 2003) ("In certain situations, courts have found that illness or incompetence may toll the statute of limitations."). However, the existence of a mental illness alone is insufficient to toll the statute of limitations. See Adkins, 585 F. Supp. 2d at 302; Jones, 2007 WL 4563443, at *2. Rather, illness or mental

incapacity will only constitute an "exceptional circumstance" "if it rendered the petitioner unable to pursue his legal rights during the relevant time period." Id.; see also Rhodes, 82 F. Supp. 2d at 168-69 (collecting cases); Bowman v. Walsh, No. 07-CV-3586, 2007 WL 3353527, at *2 (E.D.N.Y. Nov. 7, 2007) ("While mental illness can form the basis of an equitable tolling argument, without a particularized description of how his condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights, defendant's claim is manifestly insufficient to justify equitable tolling.")(internal quotations omitted); Jean-Louis, 2003 WL 1807144, at *3 ("To justify tolling, a petitioner must show that his mental health problems left him unable to pursue his legal rights during the relevant time period.").

In a case where the existence of a mental illness or condition is established, but where the petitioner has failed to provide a sufficient explanation as to why this illness or condition prevented him from pursuing his legal rights despite his due diligence, courts have consistently refused to toll the applicable statute of limitations. See Victorial v. Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (Plaintiff's alleged bipolar disorder did not "demonstrate incapacitation" and thus failed to qualify as an extraordinary circumstance that warranted equitable tolling where he offered "no explanation as to why he was able to diligently [defend himself at trial, on appeal and in his habeas petition] but was unable to file his petition within the one-year time limit."); Boos, 201 F.3d at 185 (Plaintiff's "conclusory and vague claim" that she suffers from paranoia, panic attacks, and depression, "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."); Rhodes, 82 F. Supp. 2d at 169-70 (Extreme headaches, depression, hypertension, weight loss, a fungal infection, and a

chest disorder were insufficient to justify equitable tolling where the petitioner failed to explain how these ailments rendered him unable to pursue his legal rights.); Pauling v. Sec'y of the Dep't of Interior, 960 F. Supp. 793, 804 n.6 (S.D.N.Y. 1997) (Evidence of plaintiff's "major depressive episode" was found insufficient absent any demonstration that this condition prevented the plaintiff from protecting his legal rights.); Barnes, 2007 WL 188707, at *3 (Petitioner's post-traumatic stress disorder was insufficient to warrant equitable tolling where the petitioner merely made the conclusory contention that the disorder rendered him "unable to file" within the limitations period.); Jean-Louis, 2003 WL 1807144, at *3 & n.3 (Petitioner's showing that he took psychotropic medication, including Zyprexa (anti-psychotic to treat schizophrenia), Trazadone (anti-depressant), and Haldol Decanoate (anti-psychotic used to treat various mental and emotional conditions) did not satisfy his burden to demonstrate that his conditions left him unable to pursue his legal rights.); Cox v. Edwards, No. 02 Civ. 7067, 2003 WL 22221059, at *3 (S.D.N.Y. Sept. 26, 2003) (Petitioner's showing of Grave's disease, mood and paranoia swings, hospitalization, and medication was insufficient to demonstrate that he was unable to protect his legal rights.).

Here, Stephenson claims to suffer from multiple personality disorder, suicidal ideation, depression, and hearing loss. He further claims that the medications he receives adversely affect his ability to comprehend his legal rights. However, the medical records he submits consistently report that he has always denied any suicidal ideation and make no mention of any multiple personality disorder. The records do verify that he has suffered from a certain amount of anxiety and depression and also that he has experienced hearing loss. The "psychiatric medication" he has taken has been either Paxil or Wellbutrin taken in conjunction with Benadryl, which he

began receiving in December of 2003.

On these facts, Stephenson has failed to explain how his anxiety and depression prevented him from protecting his legal rights. In fact, despite the fact that, by his own admission, he has suffered from these ailments from a young age, it appears that Stephenson had no trouble filing a *pro se* motion for a subpoena *duces tecum* in February of 2002 and a *pro se* 440.10 motion in December of 2005. See Victorial, 477 F. Supp. 2d at 655 ; Jones, 2007 WL 4563443, at **3-4 (ability to file a 440.10 motion is evidence that mental illness was not severe enough to compromise the petitioner's ability to pursue his legal rights).[3] Moreover, Stephenson expressly claims that his medication prevented him from protecting his legal interests, despite the fact that he filed his 440.10 motion in December of 2005, two years after he was first prescribed Paxil and Benadryl. Further, he has offered only a conclusory assertion that his medication (two common antidepressants and a common allergy medication) prevented him from filing his petition in a timely fashion, and no assertion, conclusory or otherwise, that his conditions themselves had a similar effect. Accordingly, Stephenson has not demonstrated that he is entitled to equitable tolling, and his petition is therefore untimely.

---

[3]While neither *pro se* filing occurred during the time period that Stephenson seeks to toll, he argues that he has always suffered from these mental illnesses, and does not argue that any of his conditions developed or worsened after 2005.

III. Conclusion

The petition for a writ of *habeas corpus* is dismissed as untimely. As this petition presents no "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
November 17, 2009

/S/
Carol Bagley Amon
United States District Judge